IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| RAY J. KINNISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| THOR MOTOR COACH, INC., | ) | |
| AND SUMMIT TRUCK EQUIPMENT | ) | |
| LLC AS OWNER OF TRANSWEST | ) | |
| TRUCK TRAILER & RV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Ray J. Kinnison, by and through his attorneys of record Christopher J. Omlid and Richard W. James of DeVaughn James Injury Lawyers state and allege the following against defendants, Thor Motor Coach, Inc. and Summit Truck Equipment LLC as the owner of Transwest Truck Trailer & RV.

1.  Plaintiff is a citizen and resident of the State of Alabama and resides at 15 County Road 869, Valley Grande, AL 36701.

2.  Defendant, Thor Motor Coach, Inc., is a corporation, incorporated in the State of Delaware with its principal place of business in the State of Indiana. It may be served through The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3.  Defendant, Summit Truck Equipment LLC as owner of Transwest Truck Trailer & RV, is a limited liability company, organized in the State of Colorado with its principal place of business in the State of Missouri. It may be served through its registered agent, George Errol Eidsness at 13525 CR 8, Fort Lupton, CO 80621.

4.  This Court has jurisdiction over the parties and subject matter.

5.      Venue is proper in the Kansas City division of the Kansas District Court of the

Federal District Court.

6.      This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of

diversity of citizenship.  The matter is in excess of the sum of Seventy-Five

Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.      There is also personal jurisdiction over the defendants pursuant to K.S.A. 60-

308(b)(G)(ii).

8.      Plaintiff and his wife purchased a 2020 Thor Outlaw 29J recreational vehicle

("R.V.") from Transwest Truck Trailer & RV store located at 17327 S. Outer Rd.,

Belton, MO 64012 on May 12, 2020.

9.      On May 31, 2020, one of the overhead cabinets in the R.V. fell and injured Plaintiff

while he was at his then home in Pratt, KS.

10.     The R.V. was defective and dangerous because the cabinet was not properly

secured which led to its falling.

## CLAIM 1: NEGLIGENCE

11.     Thor Motor Coach, Inc. ("Thor") was negligent for the following reasons:

a.      Thor negligently designed, fabricated, produced, assembled, marketed,

tested, and introduced into the stream of commerce the defective R.V.

b.      The subject R.V. was defective and/or unreasonably dangerous beyond that

which would be contemplated by the ordinary consumer, and was unsafe for normal

anticipated handling and consumption, resulting in an unreasonably dangerous and

unsafe risk to Plaintiff.  If properly designed, fabricated, produced, manufactured,

processed, and assembled by Thor, the R.V. would not have been unreasonably

dangerous and defective which proximately caused personal injuries to Plaintiff.

c.      Thor and its employees, agents, and representatives negligently (1) failed to produce, manufacture, construct, design, assemble, distribute, and sell a product that was safe and durable for its intended and anticipated use storing items overhead in the R.V.; (2) failed to adequately notify and warn persons of the unreasonably dangerous and defective conditions of the R.V.; (3) failed to adequately inspect and test the subject R.V. to determine that it was safe and not defective and unreasonably dangerous for use; (4) failed to warn consumers of the dangers of the subject R.V.'s defective and unreasonably dangerous condition; and (5) failed to exercise due and reasonable care.

12.     Summit Truck Equipment, LLC as the owner of Transwest Truck Trailer & RV ("Summit") was negligent for the following reasons:

a.      Summit did not adequately test or inspect the R.V. for its safety.

b.      Summit did not warn Plaintiff about condition of the shelving.

## CLAIM 2: STRICT LIABILITY - DEFECTIVE DESIGN

13.     The paragraphs above are incorporated herein by reference.  Defendants are also strictly liable.

14.     There was a design defect in the R.V. and its component parts as outlined in the paragraph 10 of this Complaint that caused the injuries and damages of Plaintiff.

15.     The defect rendered the R.V. unreasonably dangerous.

16.     There are safer alternatives designs for the R.V. that would have prevented or significantly reduced the risk of injury without substantially impairing the R.V.'s utility.

17.     Safer such alternative designs were economically and technologically feasible at the time the R.V. left the Defendants' control.

WHEREFORE, Plaintiff prays for judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

/s/ Christopher J. Omlid
Christopher J. Omlid #26632
Richard W. James #19822
Attorney for Plaintiffs
DeVaughn James Injury Lawyers
3241 N Toben St.
Wichita, KS 67226
[P] (316) 977-9999
[F] (316) 425-0414

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by a jury in this matter.

/s/ Christopher J. Omlid
Christopher J. Omlid #26632
Richard W. James #19822
Attorneys for Plaintiff

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial of this matter.

/s/ Christopher J. Omlid
Christopher J. Omlid #26632
Richard W. James #19822
Attorneys for Plaintiff

4